**Sandra MARSHALL, Plaintiff,**

**v.**

**HONEYWELL TECHNOLOGY SOLUTIONS, INC. et al., Defendants.**

**Civil Action No. 05–2502 (RWR).**

United States District Court, District of Columbia.

Feb. 23, 2009.

Joann Patricia Myles, Law Office of Joann P. Myles, Largo, MD, for Plaintiff.

Rafael Eloy Morell, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Antonio R. Franco, Jonathan Todd Williams, Kevin J. Allis, Piliero Mazza, PLLC, Washington, DC, Megan Starace Ben'Ary, Sarah E. Moffett, Leclair Ryan, Alexandria, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Plaintiff Sandra Marshall brought numerous employment-related claims against defendants Honeywell Technology Solutions, Inc. ("Honeywell"), L–3 Communications Government Services, Inc. ("GSI"), and SGT, Inc. ("SGT"). A memorandum opinion and order dated February 26, 2008, dismissed as untimely Marshall's claim against GSI for Equal Pay Act violations, and dismissed as unexhausted claims against GSI and SGT for age discrimination under the federal Age Discrimination in Employment Act ("ADEA") and Maryland law. Marshall seeks reconsideration of that portion of the order that dismissed her ADEA and Maryland age discrimination claims and her claim under the Equal Pay Act, arguing that the opinion erred by failing to treat an initial intake form that she says she filed with the Prince George's County Human Relations Commission ("PGCHRC") as an administrative "charge."[1] Defendants GSI and SGT oppose, arguing that the interview intake form did not constitute an administrative charge. Because Marshall fails to show that justice requires reconsideration of the February 26th order dismissing those claims, her motion for reconsideration will be denied.

## BACKGROUND

The background of this case is discussed fully in *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F.Supp.2d 59, 63–64 (D.D.C.2008). Briefly, plaintiff alleges that during the 25 years she worked for either Honeywell or its subcontractor GSI, she was subjected to race, sex, and age discrimination in the form of slurs and harassment by supervisors and other employees, and limitations on her authority. On December 31, 2003, Honeywell replaced GSI with a new subcontractor, SGT. Marshall alleges that SGT refused to employ her in the position she had with GSI, and instead employed a significantly less experienced younger white male to perform the duties Marshall had performed for GSI.

On February 2, 2004, Marshall filed pro se three administrative Charge of Discrimination forms with the PGCHRC, which amounted to filings with the federal Equal Employment Opportunity Commission ("EEOC"). She alleged race and sex discrimination against all three defendants. Marshall filed the complaint in this action on December 30, 2005, which alleged only a single claim under the ADEA, 29 U.S.C.

---

1. Marshall's counsel also responded as required to a provision of the order requiring her to show cause why sanctions should not be imposed against her under Fed.R.Civ.P. 11. That portion of the order will be discharged.

§§ 621 et seq., against Honeywell, GSI and SGT. *Id.* Marshall's original complaint here asserted that before filing this action, she had timely filed a written charge of age discrimination with the PGCHRC. However, not one official Charge of Discrimination form (also known as an EEOC Form 5) that she filed contained a claim of age discrimination. (*See* Honeywell's Mot. [# 7] to Dismiss, Ex. A; SGT's Mot. [# 38] to Dismiss, Ex. A; GSI's Mot. [# 39] to Dismiss, Ex. B.)

The February 26, 2008 opinion dismissed Marshall's claim against GSI under the Equal Pay Act, 29 U.S.C. § 206, because Marshall failed to bring her Equal Pay Act claim against GSI until January 12, 2007, which was more than three years after her employment with GSI ended on December 31, 2003. "A claim under the Equal Pay Act must be brought within two years of the alleged injury." 29 U.S.C. § 255(a). *Marshall,* 536 F.Supp.2d at 66. The opinion also determined that, contrary to her argument, Marshall's claim against GSI under the Equal Pay Act did not relate back to her ADEA claim found in her original complaint, which was filed on December 30, 2005, because "Marshall's original complaint alleging only an ADEA violation gives no hint of any pay discrimination grievance and alleges no facts that would support a claim under the equal pay act." *Id.* at 67.

The February 26 opinion dismissed Marshall's claims against GSI and SGT for age discrimination under the ADEA and Maryland law because Marshall failed to file an administrative charge within 300 days of the alleged discriminatory act, as is required by the ADEA, and because Marshall failed to file an administrative charge within six months of the alleged injury, as

is required under Maryland law. 29 U.S.C. § 626(d)(2); Md.Code 49B §§ 9A(a), 42(b)(2). The opinion further determined that Marshall's age discrimination claims did not relate back to her original administrative charge because Marshall's administrative charge failed to contain "any hint of the possibility of a claim based on age discrimination." *Marshall,* 536 F.Supp.2d at 67. Marshall seeks reconsideration.

*DISCUSSION*

▮▮▮ Under Rule 54(b) of the Federal Rules of Civil Procedure,[2] "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Under Rule 54(b), a trial court may grant reconsideration "as justice requires." *Campbell v. U.S. Dep't of Justice,* 231 F.Supp.2d 1, 7 (D.D.C.2002). However, in order to promote finality, predictability and economy of judicial resources, "as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Lederman v. United States,* 539 F.Supp.2d 1, 2 (D.D.C.2008) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant

---

**2.** The briefs on all sides erroneously cite Federal Rule of Civil Procedure 59(e) as governing this motion. Since the February 26, 2008 opinion and order was not a final judgment

disposing of the claims of all parties, Rule 54(b) applies. *See Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C.2000).

change in the law occurred after the decision was rendered. *Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C.2005). The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied. *In Def. of Animals v. Nat'l Institutes of Health*, 543 F.Supp.2d 70, 76 (D.D.C.2008).

Marshall primarily argues that justice requires reconsideration of the February opinion because it failed to consider whether the intake interview form Marshall says she filed with the PGCHRC in December 2003 constituted a charge alleging violations of the Equal Pay Act and age discrimination under the ADEA and Maryland state law.[3] (Pl.'s Mot. to Alter and Amend the Ct.'s Order or for Recons. ("Pl.'s Mot. for Recons.") at 2.) "To sue on her federal age claim, Marshall was required first to file an administrative charge within 300 days of the alleged discriminatory act and then to wait 60 days before filing a civil action in federal court." *Marshall*, 536 F.Supp.2d at 66; 29 U.S.C. § 255(a). As is mentioned above, Marshall was required to bring her claims under the Equal Pay Act within two years of the alleged injury. 29 U.S.C. § 255(a). To bring an age discrimination claim under Maryland law, Marshall was required to bring an administrative claim within six months of the underlying injury, then wait 45 days before filing suit. Md.Code 49B § 9A(a). Marshall alleges that she filled out the initial intake and questionnaire forms with the PGCHRC and "complained of age discrimination," but she was "apparently told by the male intake representative and others that he would not allow her to file an age claim." (Pl.'s Mot. for Recons. at 5, Ex. 1 at 5.)

Marshall argues that under the Supreme Court's recent opinion in *Fed. Express Corp. v. Holowecki*, —— U.S. ——, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008), the intake interview form she says she filed constitutes a "charge of discrimination" that initiated her age discrimination claims under 29 U.S.C. § 626(d), as well as the Equal Pay Act claim she asserts in this case.[4] In *Holowecki*, the Supreme Court

---

**3.** Marshall seems to also argue that the deadline for filing her administrative complaint should have been equitably tolled because the intake officer informed her that she could not file an age discrimination claim. Marshall fails to provide any new evidence regarding this claim, or show that the opinion failed to consider this issue, especially in light of the fact that all three parties argued the issue in their briefs regarding the motions to dismiss (*see* SGT's Reply at 8; GSI's Reply at 3–4; Pl.'s Opp'n to Defs.' Mots. to Dismiss at 13–15 and Ex. 2) and the February opinion explicitly analyzed this issue and ruled against Marshall. "[W]here litigants have once battled for the court's decision," they should [not be] "permitted to battle for it again." *Singh*, 383 F.Supp.2d at 101–102 (denying motion for reconsideration under 54(b) because, in part, "the Court considered the cases the [defendant] now cites," and thus the defendant's "attempt to re-litigate this issue will not be countenanced.") The February opinion determined that the doctrine of equitable tolling was inapplicable because there was "no evidence that Marshall acted with due diligence to pursue her legal rights" in light of the fact that "Marshall filed her age discrimination administrative charge 735 days after the last of her age related injuries[.]" *Marshall*, 536 F.Supp.2d at 67–68; *see also Rattray v. Lippmann–Milwaukee, Inc.*, No. 07–C–916, 2008 WL 4547230, at *2–3 (E.D.Wis. October 8, 2008) ("at a certain point, the charging party is responsible for the process issued by the EEOC. [The plaintiff] was given the opportunity to review the Charge for accuracy, and he signed it before it was issued").

**4.** The relevant portion of 29 U.S.C. § 626(d) provides:

No civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.... Upon receiving such a charge, the Commission shall promptly notify all persons named in

affirmed an EEOC interpretation of the word "charge," and found that the plaintiff's Intake Questionnaire coupled with its accompanying six-page affidavit explaining the basis for her charge of age discrimination constituted a charge with the EEOC.[5] *Id.* at 1159–1160. However, the Court explicitly rejected the plaintiff's assertion that a "charge need contain only an allegation of discrimination and the name of the employer." *Id.* at 1157. Instead, the Court determined that an intake form can constitute a charge only where the intake form is objectively seen as a request for the agency to take action. *Id.* at 1158.

■ Here, assuming that the document plaintiff attached to her opposition to defendants' motion to dismiss is a genuine intake form she filled out with the PGCHRC,[6] it suffers from significant deficiencies and does not satisfy the threshold under *Holowecki* to be considered a charge. First, the intake form does not identify defendant SGT on it, so it cannot objectively be seen as a request for the agency to take action against SGT for age discrimination. (*See* Pl.'s Opp'n to Defs.' Mots. to Dismiss, Ex. 2.) Second, the "age" box checked on the intake form indicates "age under 40," which is not an actionable claim under the ADEA, and thus not a charge of ADEA age discrimi-

nation against either defendant. While there is a box listed on the intake form for age discrimination under the ADEA, Marshall did not check that box. Third, and most importantly, the intake form submitted by Marshall did not contain or attach any detailed description of the discriminatory conduct, much less one given under oath or under penalty of perjury as the EEOC Form 5 requires. *Cf. Fava–Crockett v. Boehringer Ingelheim Pharms., Inc.,* No. 08cv0196, 2008 WL 1925099, at *1–3 (W.D.Pa. April 29, 2008) (finding a "charge of discrimination" where the plaintiff submitted a six-paragraph letter containing "plaintiff's and defendant's names, addresses and phone numbers; the facts which form the basis for the charge of discrimination, ... allegations setting forth that plaintiff's claim was based upon the ADEA and Title VII; and a statement that plaintiff had not instituted state proceedings"); *Moore v. Angus Chem. Co.,* Civil Action No. 07–0415, 2008 WL 4491592, at *3 (W.D.La. October 1, 2008) (the plaintiff's intake interview form constituted a charge where it contained "express allegations of discrimination and retaliation," combined with the plaintiff's express request for re-employment in his previous position).

---

such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

5. This opinion will assume without deciding that an intake form that constitutes a charge under 29 U.S.C. § 626(d) also constitutes a charge under Maryland Code Art. 49B § 9a. As was noted in the February opinion, the PGCHRC is a designated fair employment practice and notice agency that has a worksharing agreement with the EEOC such that filing charges with the PGCHRC constitutes filing them with the EEOC. *See Rachel–Smith v. FTData, Inc.,* 247 F.Supp.2d 734, 743–744 (D.Md.2003).

6. As is noted in defendant GSI's reply to Marshall's opposition to the motions to dismiss, the intake interview form that Marshall attached to her opposition to the motions to dismiss contained nothing "to indicate that [it] is an official form for [the PGCHRC]." The form lacks a form number, a signature page, a date, the name of the intake officer who received it, and a space for a description of defendants' discriminatory conduct. (*See* Pl.'s Opp'n to Defs.' Mots. to Dismiss, Ex. 2.) However, for the purposes of this opinion, the intake interview form submitted by Marshall will be treated as genuine.

Marshall's form does little more than list her identifying information, identify her employers, and check boxes categorizing types of discrimination and issues. It is the kind of intake form containing only a bare allegation of discrimination with nothing else that *Holowecki* rejected as constituting a charge as "contrary to Congress' expressed desire that the EEOC act as an information provider and try to settle employment disputes through informal means[.]"

> Respondent's proposed standard, that a charge need contain only an allegation of discrimination and the name of the employer, falls short.... Were that stripped-down standard to prevail, individuals who approach the agency with questions could end up divulging enough information to create a charge. This likely would be the case for anyone who completes an Intake Questionnaire—which provides space to indicate the name and address of the offending employer and asks the individual to answer the question, "What action was taken against you that you believe to be discrimination?"

*Holowecki*, at 1157. The Court further explained that an intake form that was intended to be used by the agency to "gain information" to make a determination "whether it ha[d] jurisdiction over potential charges" was less likely to be considered a charge than a form specifically ordering the agency to initiate action. *Id.* at 1159–1160. Here, the intake form submitted by Marshall appears far more likely to be designed to gain information. It lacks any express command by the plaintiff to initiate action, it did not require Marshall to be under oath, and the word "charge" does not appear on it. (*See* Pl.'s Mem. in Opp'n. to Mot. to Dismiss Am. Compl., Ex. 2.)

Marshall's intake form does not constitute a charge, and justice does not require reconsideration of the February 26, 2008 opinion.

### CONCLUSION AND ORDER

Because the plaintiff does not show that justice requires reconsidering the February 26, 2008 memorandum opinion and order, it is hereby

ORDERED that the motion [49] for reconsideration of the February 26, 2008 opinion be, and hereby is, DENIED. It is further

ORDERED that the February 26, 2008 order to show cause be, and hereby is, DISCHARGED.